**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

H.E. AMIR M. HAMZA,

                Plaintiff,
   v.

DAVID SOLLENBERGER, et al.,

                Defendants.

No. 1:23-CV-355
(MAD/CFH)

---

**APPEARANCES:**

Amir M. Hamza
P.O. Box 281
Philmont, New York 12565
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. Background

Plaintiff pro se H.E. Amir M. Hamza ("plaintiff") commenced this action on March 21, 2023, by filing a complaint. See Dkt. No. 1 ("Compl."). Plaintiff also filed an application to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action.

## II. Initial Review

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted). If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Plaintiff's Complaint

On January 6, 2023, plaintiff went to XtraMart in the Town of Claverack in Columbia County, New York, to fill two gas cans. See Compl. at 2, ¶¶ 1-2. Plaintiff accidentally left his wallet at XtraMart when he returned to his home in Philmont, New York. See id. at 2, ¶¶ 3, 5. Plaintiff's wallet contained "his personal identification, credit cards, and $1,141.00 in cash." Id. at 2, ¶ 3. Plaintiff used an application on his phone called AirBolt to track his wallet which directed him back to XtraMart. See id. at 2, ¶¶ 7-9. Plaintiff spoke with a cashier who stated that she had not seen the wallet but told

plaintiff to speak with another employee, David Sollenberger.  See id. at 1, ¶ 2.a; 3, ¶¶ 10-11.  Plaintiff asked Sollenberger if he had seen the wallet and Sollenberger denied that he had.  See id. at 3, ¶¶ 12-13.  Sollenberger got gloves and checked a garbage can and a dumpster.  See id. at 3, ¶¶ 14, 16.  Plaintiff called 911.  See id. at 3, ¶ 19.  Plaintiff used the application on his phone to track his wallet to the woods behind the store.  See id. at 4, ¶¶ 23-24.  Plaintiff noticed that $1,041 was missing from his wallet.  See id. at 4, ¶ 25.  When police arrived, they reviewed video camera footage "and determined that [Sollenberger] had taken the wallet."  Id. at 4, ¶ 27.  Sollenberger was arrested by police on January 12, 2023, and admitted to stealing the money.  See id. at 5-5, ¶¶ 31-32.

Plaintiff brings this action against David Sollenberger; Eric Slifka, the Chief Executive Officer ("CEO") of Drake Petroleum Co. Inc.; and Drake Petroleum Co. Inc., the owner of XtraMart.  See Compl. at 1, ¶ 2.  He seeks the $1,041 stolen from his wallet and $10,000 for "pain and suffering."  Id. at 5.

### III. Discussion

#### A. Jurisdiction

"Federal jurisdiction is limited, and specified by statute. . . . Federal courts exercise jurisdiction in cases that present a federal question, or in cases of diversity jurisdiction[.]"  Zido v. Werner Enterprises, Inc., 498 F. Supp. 2d 512, 513 (N.D.N.Y. 2006) (citing 28 U.S.C. §§ 1331, 1332).  Plaintiff claims that the Court has subject

5

matter jurisdiction over his complaint because of diversity jurisdiction.  See Compl. at 1, ¶ 1.

The undersigned initially notes that insofar as a court can have jurisdiction over federal questions, plaintiff does not allege a constitutional provision or federal law under which he could bring his claims.  See generally Compl.; see also 28 U.S.C. § 1331 (conferring onto federal courts subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.").  "Federal question jurisdiction exists where the complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" Dobbs v. SEFCU, No. 1:22-CV-1228 (LEK/TWD), 2022 WL 17617752, at *2 (N.D.N.Y. Dec. 13, 2022) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)), report and recommendation adopted, 2023 WL 1431633 (N.D.N.Y. Feb. 1, 2023).[3]  As plaintiff has not raised any claims that concern federal laws or the Constitution, he has not established federal question jurisdiction.

As to diversity jurisdiction, it grants courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  "[I]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"  Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

23 (2d Cir. 2001) (citation omitted). "Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'" Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000) (quoting E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998)). This means that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); see also Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). "[A] party's citizenship depends on his [or her] domicile. Domicile has been described as the place where a person has 'his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning.'" Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (citations omitted). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019). "[A] corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012).

Additionally, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (citation omitted) (alterations in original). "This is so because when a party chooses to proceed in federal court, '[the party] knows or should know whether [the] claim is within the statutory requirement as to amount.' The amount in

controversy is determined at the time the action is commenced." Id. (citations omitted) (alterations in original).

Plaintiff has failed to establish diversity jurisdiction. First, he seeks a total of $11,041 in damages, which fails to meet the amount-in-controversy requirement. See Compl. at 5; see also 28 U.S.C. § 1332(a). Second, he has not established complete diversity between himself and each named defendant. See Compl. at 1, ¶ 2. Plaintiff alleges that he is a resident of Philmont, New York, and that Sollenberger is a resident of Columbia County, New York, meaning they are citizens of the same state. See id. at 1, ¶¶ 1, 2.a. Although residency does not automatically establish domicile, assuming that plaintiff and Sollenberger are domiciled in New York, plaintiff has not alleged complete diversity. Thus, plaintiff has not established diversity jurisdiction and the complaint must be dismissed for lack of subject matter jurisdiction. See, e.g., Sitariu v. Bains, No. 1:18-CV-600 (MAD/DJS), 2019 WL 2053700, at *5 (N.D.N.Y. May 9, 2019) ("[T]he amount in controversy in this case is $ 31,500. As such, Section 1332's amount in controversy requirement has not been met, and the Court does not have diversity jurisdiction over this case. Accordingly, the Court must dismiss the case for lack of subject matter jurisdiction."); Mendez v. Albany Cnty. Dep't of Soc. Servs., No. 1:19-CV-468 (LEK/CFH), 2019 WL 1933766, at *2 (N.D.N.Y. Apr. 30, 2019) ("[The p]laintiff requests that Albany County Department of Social Services be compelled to pay her $800. . . . [T]here is no diversity jurisdiction because, although plaintiff and defendant are citizens of different states, the amount in controversy is less than $ 75,000, which precludes a finding of diversity jurisdiction."), report and recommendation adopted, 2019 WL 5485178 (N.D.N.Y. Oct. 25, 2019).

## B. Failure to State Claim

Even if plaintiff had established diversity jurisdiction, he has failed to state a claim for relief. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Plaintiff has not alleged what claim(s) he seeks to bring. See generally Compl. He provides a factual background and states that he seeks the return of his money and damages but does not explain on what grounds he is entitled to that relief. See generally id. For instance, plaintiff does not allege that he was denied due process in seeking the return of his money. He alleges only that Sollenberger was arrested for the theft. See Compl. at 4, ¶ 31. "Courts in this circuit have consistently held that New York state law provides an adequate post-deprivation remedy for such property seizures, such as a state-law claim for conversion or a court of claims action pursuant to state regulation, which would fully compensate plaintiffs for alleged losses of personal property." Palmer v. City of New York, 564 F. Supp. 3d 221, 249 (E.D.N.Y. 2021) (collecting cases). Plaintiff has not alleged that he sought relief in state courts or that any such relief was inadequate. See generally Compl.

Plaintiff also names Eric Slifka, the CEO of Drake Petroleum Co. Inc., and Drake Petroleum Co. Inc., the owner of XtraMart, as defendants. See Compl. at 1, ¶ 2.a., b. Plaintiff does not include a single allegation against either defendant in his complaint. See generally Compl. Plaintiff's complaint could be construed as seeking to bring a civil action for conversion against Sollenberger which is "the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Ultra Dairy LLC v. Kondrat, 514 F. Supp. 3d 452, 459 (N.D.N.Y.

9

2021) (quoting Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006)); see also Compl. at 4-5, ¶¶ 31-32.[4]  To prove a conversion claim, "a plaintiff must allege: '(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the [property], to the alteration of its condition or to the exclusion of the plaintiff's rights.'" Id. (quoting Moses v. Martin, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004)).  Plaintiff could potentially allege a conversion claim for Sollenberger's possession of plaintiff's $1,041.  See Compl. at 4-5, ¶¶ 25, 32.  However, plaintiff cannot bring this claim in federal court because plaintiff cannot establish diversity between himself and Sollenberger as they both reside in New York.  See id. at 1, ¶¶ 1, 2.a.

In turn, plaintiff cannot allege a conspiracy to commit conversion claim against Slifka or Drake Petroleum.  "[I]n New York, there is no independent cause of action for conspiracy, but a claim for conspiracy may lie where the underlying tort has been pleaded." Farey-Jones v. Buckingham, 132 F. Supp. 2d 92, 105 (E.D.N.Y. 2001).  "[A] claim alleging conspiracy to commit a tort stands or falls with the underlying tort." Dickinson v. Igoni, 908 N.Y.S.2d 85, 88 (App. Div. 2010); see also Finamore v. Miglionico, 15 F.4th 52, 62 (1st Cir. 2021) (explaining that under Massachusetts law,

---

[4] Insofar as plaintiff alleges that Slifka resides in Massachusetts and Drake Petroleum is incorporated in Connecticut, the undersigned need not engage in an expansive choice of law analysis at this juncture. New York, Connecticut, and Massachusetts' laws concerning conversion are relatively the same.  See Cobalt Multifamily Invs. I, LLC v. Shapiro, 9 F. Supp. 3d 399, 412 (S.D.N.Y. 2014) (citation and quotation marks omitted) ("Under Connecticut law, conversion is an unauthorized assumption and exercise of the right of ownership over property belonging to another, to the exclusion of the owner's rights."); Coughlan v. Jachney, 473 F. Supp. 3d 166, 200, n.22 (E.D.N.Y. 2020) ("Although [the] defendant relies on Massachusetts law and [the] plaintiffs rely on New York law for purposes of the conversion claim, there is no need to engage in a lengthy choice-of-law analysis since, for purposes of this motion, there is no material difference in the controlling law relating to the tort of conversion.").

"[w]ithout an underlying tort, there can be no actionable civil conspiracy."); Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC, 739 F. Supp. 2d 109, 113 (D. Conn. 2010) ("[U]nder Connecticut law, civil conspiracy is not an independent cause of action."). As any potential conversion claim against Sollenberger must be dismissed, so too must any conspiracy to commit conversion claims. See Ho Myung Moolsan Co. v. Manitou Min. Water, Inc., 665 F. Supp. 2d 239, 257 (S.D.N.Y. 2009) ("Since the proposed amended complaint does not state a claim for conversion, it is futile to the extent it attempts to state a claim for conspiracy to commit conversion."). Thus, plaintiff cannot state a claim for relief against the corporate defendants.

### IV. Leave to Amend

Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

"[D]ismissals for lack of subject matter jurisdiction 'must be without prejudice, rather than with prejudice.'" Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d

11

47, 54 (2d Cir. 2016)). "When subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'" Id. (citation omitted); see also Sitariu, 2019 WL 2053700, at *6 (dismissing complaint without prejudice). As plaintiff has failed to establish subject matter jurisdiction, the undersigned recommends dismissing his complaint without prejudice.

As to leave to amend, 28 U.S.C. § 1653 states, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Second Circuit has instructed that § 1653 means that "[s]uch amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds. . . . [And u]nless the record clearly indicates that the complaint could not be saved by any truthful amendment, . . . we generally afford an opportunity for amendment." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 55 (2d Cir. 2019) (quoting Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)). The Second Circuit has also commanded "that 'the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [the jurisdictional amount] is reasonably possible,' by allowing [] [p]laintiff an opportunity to amend h[is] complaint." Lewis v. S&S Nutrition Inc., No. 3:21-CV-00957 (SVN), 2022 WL 4448893, at *4 (D. Conn. Sept. 23, 2022) (quoting Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996)). Although "[t]he amount in controversy is determined at the time the action is commenced[,]" and plaintiff has alleged an amount far less than $75,000, if the problems with plaintiff's complaint were solely concerning the amount in controversy, the undersigned would recommend leave

12

to amend. Tongkook Am., Inc., 14 F.3d at 784; see also Chase Manhattan Bank, N.A., 93 F.3d at 1070.  However, in this instance, amendment would be futile.  Assuming plaintiff were to amend his complaint and he truthfully and successfully alleged the requisite amount in controversy, only the claims against Slifka and Drake Petroleum would suffice for diversity jurisdiction.  The claims against Sollenberger could not proceed because of a lack of diversity.  The only conceivable claims plaintiff could state against Slifka and Drake Petroleum are conspiracy to commit conversion claims; however, because plaintiff cannot bring the conversion claim against Sollenberger, the related conspiracy claim cannot stand alone.  See supra at 10-11.  Thus, amendment would be futile, and the undersigned recommends dismissing plaintiff's complaint without leave to amend.[5]

### V. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

---

[5] In light of the foregoing recommendation, plaintiff is not prevented from filing a complaint in an appropriate state court, should he wish to do so.  The undersigned makes no finding as to whether plaintiff can successfully or properly bring the complaint in state court.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[6]

Dated: September 13, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).