**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**H.E. AMIR M. HAMZA,**

                                          **Plaintiff,**

        **vs.**                                                    **1:23-CV-355**
                                                                   **(MAD/CFH)**

**DAVID SOLLENBERGER,**
**DRAKE PETROLEUM CO. INC.,**
**ERIC SLIFKA,**

                                          **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**AMIR M. HAMZA**
P.O. Box 281
Philmont, New York 12565
Plaintiff, _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

        On March 21, 2023, _pro se_ Plaintiff H.E. Amir M. Hamza ("Plaintiff") filed a complaint,

_see_ Dkt. No. 1, and a motion for leave to proceed _in forma pauperis_ ("IFP").  _See_ Dkt. No. 2.  On

September 13, 2023, Magistrate Judge Hummel issued a Report-Recommendation and Order

recommending that Plaintiff's complaint be dismissed without prejudice but without leave to

amend pursuant to 28 U.S.C. § 1915 (e)(2)(B).  _See_ Dkt. No. 6.  Magistrate Judge Hummel

granted Plaintiff IFP status for the purpose of filing.  _See id._

        Plaintiff has not filed any objections to the Report-Recommendation and Order.  When a

party declines to file an objection, the court reviews a recommendation for clear error.  _See_

_O'Diah v. Mawhir_, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations

1

and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Hummel's Report-Recommendation and Order. The Court agrees with Magistrate Judge Hummel that Plaintiff has not set forth a basis to find either federal question or diversity jurisdiction. *See* Dkt. No. 6 at 6-8. No federal question exists as Plaintiff has not identified any violation of his constitutional or federal rights. *See id.*; *see also New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975) ("Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law"). Magistrate Judge Hummel also correctly found that Plaintiff failed to establish diversity jurisdiction. *See* Dkt. No. 6 at 6-8. Even if Plaintiff could demonstrate more than $75,000 in controversy, Plaintiff failed to show that the parties are completely diverse. *See id.*; *see also Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111,118 (2d Cir. 2014)) ("Section 1332 requires 'complete diversity,' meaning that 'all

plaintiffs must be citizens of states diverse from those of all defendants'"); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.,* 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)) ("'A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount'").

The Court further agrees that Plaintiff has failed to state a claim for relief. *See* Dkt. No. 6 at 9; *see also* Dkt. No. 1. Plaintiff's complaint states that he seeks "reciprocation" of $1,041, which was stolen from him, and $10,000 in pain and suffering. Dkt. No. 1 at 5. Magistrate Judge Hummel correctly noted that Plaintiff "does not explain on what grounds he is entitled to that relief," and does not include any allegations against Defendants Eric Slifka and Drake Petroleum Co. Inc. Dkt. No. 6 at 9.

The Court agrees with Magistrate Judge Hummel's conclusion that, although leave to amend would ordinarily be appropriate, there are no claims which Plaintiff could assert that would create federal jurisdiction. *See* Dkt. No. 6 at 11-13. Magistrate Judge Hummel correctly concluded that Plaintiff could not amend his complaint to allege a conversion claim against Defendant Sollenberger because Plaintiff could not establish diversity jurisdiction for such a claim. *See id.* Magistrate Judge Hummel also correctly determined that Plaintiff cannot amend his complaint to allege a claim for conspiracy to commit conversion against Defendants Slifka and Drake Petroleum because there is no independent cause of action for conspiracy. *See id.*; *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend").

3

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall enter a judgment in Defendants favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 21, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge